**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2981
_____

IN RE: PALANI KARUPAIYAN; P.P.; R.P.,
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2:23-cv-20928)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
on November 25, 2025

Before: BIBAS, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: December 8, 2025)

_____

_____

OPINION*
_____

**PER CURIAM**

Palani Karupaiyan, a frequent pro se litigant, filed suit against several defendants relating to the towing of his car and numerous other matters. While that suit was pending, he filed a mandamus petition asking us "to provide him with the relief that he seeks in the District Court and more." In re Karupaiyan, No. 24-1067, 2024 WL 1505491, at *1 (3d Cir. Apr. 8, 2024) (per curiam). We denied the petition because it did not satisfy the standard for mandamus relief. See id.

At issue here is another mandamus petition that Karupaiyan filed pro se[1] in this same matter, again while it was still pending in the District Court. (That court appears to have since resolved the matter.) This petition is substantively identical to Karupaiyan's previous petition, and we deny it for the same reasons.

We note that this petition is now at least the ninth similar and similarly frivolous mandamus petition that Karupaiyan has filed in forma pauperis ("IFP") with this Court. See In re Karupaiyan, No. 24-1608, 2024 WL 2843021, at *1 (3d Cir. June 5, 2024) (per curiam) (collecting cases). We previously warned him that further abuse of the IFP

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Karupaiyan also named as petitioners his minor children but, as we have advised him at least 11 times, he cannot represent them pro se. See Karupaiyan v. Shalimar Grp. of Restaurants, No. 23-1788, 2024 WL 3811621, at *1 n.1 (3d Cir. Aug. 14, 2024) (per curiam) (applying Osei-Afriye v. Med. Coll. of. Pa., 937 F.2d 876, 882 (3d Cir. 1991)).

privilege could result in sanctions, including restrictions on his ability to proceed IFP in the future.  See id.  We will not consider imposing sanctions now because Karupaiyan refrained from filing similar mandamus petitions for well over a year after our previous warning.  But now that he has filed another one, we again warn him that further frivolous, repetitive, or otherwise abusive filings could result in sanctions, including monetary penalties, restrictions on his ability to proceed IFP, and other restrictions on his ability to file documents with this Court.